UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:26-cv-01479-AB-PD | Date: | February 19, 2026 |
|---|---|---|---|

| Title: | *Rudy Orlando Ordonez Puac v. Kristi Noem et al.* |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER <u>GRANTING</u> PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [Dkt. No. 3]

On February 12, 2026, Petitioner Rudy Orlando Ordonez Puac ("Petitioner") filed a Petition for Habeas Corpus ("Petition," Dkt. No. 1) challenging his immigration detention at the Adelanto Processing Center. Also on February 12, Petitioner filed an Emergency Application for Temporary Restraining Order ("TRO Application," Dkt. No. 3).

On February 13, the Court entered an order observing that Respondents were served with Petitioner's Petition and TRO Application pursuant to Appendix C of the Local Civil Rules. The Court further ordered that if Respondents wished to respond to the TRO, they must do so by February 18, 2026, at 12:00 noon. *See* Order (Dkt. No. 5). On February 18, at 10:52 a.m., Respondents timely filed a Response. *See* Response (Dkt. No. 7).

Respondents' Response acknowledges that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-

01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), in which the district court granted declaratory relief to members of the class. Respondents also referred the Court to Dkt. No. 103 in that case for their position on how the judgment in *Bautista* impacts class members. Respondents also state that should the Court grant Petitioner's TRO Application, the order should be consistent with the other orders of this Court granting such relief. The Court acknowledges Respondents' candid Response.

Petitioner, a non-citizen, has been present in the United States since 2004. Pet. ¶ 41. He has no criminal record and is a beneficiary of deferred action for childhood arrivals ("DACA") whose DACA renewal application has been pending since November 11, 2025. *Id.* ¶ 45. In November 2025, Petitioner was arrested by immigration authorities in Los Angeles County, California, and placed in removal proceedings. *Id.* ¶¶ 2, 43. ICE charged Petitioner with having entered the United States without inspection and being present without valid immigration documents under 8 U.S.C. § 1182(a)(6)(A)(i), § 1182(a)(7)(A)(i), and is seeking to remove him on that basis. *Id.* ¶ 43. Petitioner is currently detained at the ICE Adelanto Detention Center. *Id.* ¶ 2. Petitioner requested a bond redetermination before an immigration judge ("IJ"). *Id.* ¶ 4. On February 10, 2026, the IJ denied Petitioner's request for release on bond, stating that the "Court does not have jurisdiction to set bond pursuant to Matter of Yajure Hurtado." IJ Order (Pet. Dkt. 1-2).

Upon review of the Petition and the TRO Application, this case presents the same issues that this Court has resolved several times before in the petitioners' favor. *See, e.g., Miguel Santiago Flores v. Kristi Noem*, No. 5:25-cv-02490-AB-AJR, Dkt. No. 8 (C.D. Cal. Sept. 29, 2025); *X.R.M. v. Semeti*, No. 5:25-cv-02783-AB-PVC, Dkt. No. 9 (C.D. Cal. Oct. 24, 2025); *Benigno Gonzalez Ponce v. Todd Lyons*, Case No. 2:25-cv-10493-AB-PVC, Dkt. No. 10 (C.D. Cal. Nov. 7, 2025); *Abel Mani Tlahuel v. Fereti Semaia et al.*, 2:25-cv-10878-AB-PVC, Dkt. No. 6 (C.D. Cal. Nov. 14, 2025).

For the reasons that the Court set forth in the above orders, the Court reaches the same conclusion again: that Petitioner is entitled to an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). And the Court again concludes that Petitioner's continued detention without a bond hearing entitles him to a TRO because he has satisfied the test for a TRO: he has shown a likelihood of success on the merits of his claim that he is entitled to a bond hearing, that his continued detention in ICE custody without a bond hearing constitutes irreparable harm, and that both the balance of the equities and the public interest weigh heavily in Petitioner's favor given Respondents' violation of federal law.

*See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted) and *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (stating TRO test). The Court will not repeat that reasoning here as Respondents are fully informed of it from numerous recent orders of this Court and other courts around the country. The Court will also grant the same relief it has before, and declines to require a bond.

The Court therefore **GRANTS** Petitioner's Application for a TRO (Dkt. No. 3) and **ORDERS**:

1. Respondents must provide Petitioner an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), **by Thursday, February 26, 2026**.

2. Petitioner and Respondents must file a Joint Status Report on the individualized bond hearing **by Monday, March 2, 2026**. If Petitioner has been given a bond hearing, the Joint Status Report must state the parties' position as to whether the OSC set below is moot.

3. Respondents are further ODERED TO SHOW CAUSE, in person, **on Thursday, March 5, 2026, at 10:00 a.m.**, why a preliminary injunction should not issue.

4. This Order will remain in effect for fourteen (14) days from entry, after which it will expire absent further order of the Court.

5. Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court.

**IT IS SO ORDERED**.